Justice Scalia,
dissenting.
Section 276(b)(1)(A) of the Communications Act of 1934, as added by the Telecommunications Act of 1996, instructed the Federal Communications Commission (FCC or Commission) to issue regulations establishing a plan to compensate payphone operators, leaving it up to the FCC to prescribe who should pay and how much. Pursuant to that authority, the FCC promulgated a substantive regulation that required carriers to compensate payphone operators at a rate of 24 cents per call (the payphone-compensation regulation). The FCC subsequently declared a carrier’s failure to comply with the payphone-compensation regulation to be unlawful under § 201(b) of the Act (which prohibits certain “unjust or unreasonable” practices) and privately actionable under §206 of the Act (which establishes a private cause of action for violations of the Act). Today’s judgment can be defended only by accepting either of two propositions with respect to these laws: (1) that a carrier’s failure to pay the prescribed compensation, in and of itself and apart from the Commission’s payphone-compensation regulation, is an unjust or unreasonable practice in violation of § 201(b); or (2) that a carrier’s failure to pay the prescribed compensation is an “unjust or unreasonable” practice under § 201(b) because it violates the Commission’s payphone-compensation regulation.
The Court coyly avoids rejecting the first proposition. But make no mistake: that proposition is utterly implausible, which is perhaps why it is nowhere to be found in the FCC’s opinion. The unjustness or unreasonableness in this case, if any, consists precisely of violating the FCC’s payphone- *68 compensation regulation.[1] Absent that regulation, it would be neither unjust nor unreasonable for a carrier to decline to act as collection agent for payphone companies. The person using the services of the payphone company to obtain access to the carrier’s network is not the carrier but the caller. It is absurd to suggest some natural obligation on the part of the carrier to identify payphone use, bill its customer for that use, and forward the proceeds to the payphone company. As a regulatory command, that makes sense (though the free-rider problem might have been solved in some other fashion); but, absent the Commission’s substantive regulation, it would be in no way unjust or unreasonable for the carrier to do nothing. Indeed, if a carrier’s failure to pay payphone compensation had been unjust or unreasonable in its own right, the Commission’s payphone-compensation regulation would have been unnecessary, and the payphone companies could have sued directly for violation of § 201(b).
The only serious issue presented by this case relates to the second proposition: whether a practice that is not in and of itself unjust or unreasonable can be rendered such (and thus rendered in violation of the Act itself) because it violates a substantive regulation of the Commission. Today’s opinion seems to answer that question in the affirmative, at least with respect to the particular regulation at issue here. *69 That conclusion, however, conflicts with the Communications Act’s carefully delineated remedial scheme. The Act draws a clear distinction between private actions to enforce interpretive regulations (by which I mean regulations that reasonably and authoritatively construe the statute itself) and private actions to enforce substantive regulations (by which I mean regulations promulgated pursuant to an express delegation of authority to impose freestanding legal obligations beyond those created by the statute itself). Section 206 of the Act establishes a private cause of action for violations of the Act itself—and violation of an FCC regulation authoritatively interpreting the Act is a violation of the Act itself. (As the Court explains, when it comes to regulations that “reasonably] [and] authoritatively construe the statute itself,” Alexander v. Sandoval, 532 U. S. 275, 284 (2001), “it is ‘meaningless to talk about a separate cause of action to enforce the regulations apart from the statute.’ ” Ante, at 54 (quoting Sandoval, supra, at 284).) On the other hand, violation of a substantive regulation promulgated by the Commission is not a violation of the Act, and thus does not give rise to a private cause of action under §206. See, e.g., APCC Servs., Inc. v. Sprint Communications Co., 418 F. 3d 1238, 1247 (CADC 2005) (per curiam), cert. pending, No. 05-766; Greene v. Sprint Communications Co., 340 F. 3d 1047, 1052 (CA9 2003), cert, denied, 541 U. S. 988 (2004); P. Huber, M. Kellogg, & J. Thorne, Federal Telecommunications Law §3.14.3 (2d ed. 1999). That is why Congress *70 has separately created private rights of action for violation of certain substantive regulations. See, e. g., 47 U. S. C. § 227(b)(3) (violation of substantive regulations prescribed under § 227(b) (2000 ed. and Supp. III)); § 227(c)(5) (violation of substantive regulations prescribed under § 227(c)). These do not include the payphone-compensation regulation authorized by § 276(b).
There is no doubt that interpretive rules can be issued pursuant to § 201(b) — that is, rules which specify that certain practices are in and of themselves “unjust or unreasonable.” Orders issued under §205 of the Act, see ante, at 60, which authorizes the FCC, upon finding that a practice will be unjust and unreasonable, to order the carrier to adopt a just and reasonable practice in its place, similarly implement the statute’s proscription against unjust or unreasonable practices. But, as explained above, the payphone-compensation regulation does not implement § 201(b) and is not predicated on a finding of what would be unjust and unreasonable absent the regulation.
The Court naively describes the question posed by this case as follows: Since “[a] practice of violating the FCC’s order to pay a fair share would seem fairly characterized in ordinary English as an ‘unjust practice,’... why should the FCC not call it the same under § 201(b)?” Ante, at 61. There are at least three reasons why it is not as simple as that. (1) There has been no FCC “order” in the ordinary sense, see 5 U. S. C. § 551(6), but only an FCC regulation.[3] That is to say, the FCC has never determined that petitioner is in violation of its regulation and ordered compliance. Rather, respondent has alleged such a violation and has *71 brought that allegation directly to District Court without prior agency adjudication. (2) The “practice of violating” virtually any FCC regulation can be characterized (“in ordinary English”) as an “unjust practice” — or if not that, then an “unreasonable practice” — so that all FCC regulations become subject to private damages actions. Thus, the traditional (and textually based) distinction between private enforceability of interpretive rules and private nonenforceability of substantive rules is effectively destroyed. And (3) it is not up to the FCC to “call it” an unjust practice or not. If it were, agency discretion might limit the regulations available for harassing litigation by telecommunications competitors. In fact, however, the practice of violating one or another substantive rule either is or is not an unjust or unreasonable practice under § 201(b). The Commission is entitled to Chevron deference with respect to that determination at the margins, see Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837 (1984), but it will always remain within the power of private parties to go directly to court, asserting that a particular violation of a substantive rule is (“in ordinary English”) “unjust” or “unreasonable” and hence provides the basis for suit under § 201(b).
The Court asks (more naively still) “what has the substantive/interpretive distinction that [this dissent] emphasizes to do with the matter? There is certainly no reference to this distinction in § 201(b) .... Why believe that Congress, which scarcely knew of this distinction a century ago before the blossoming of administrative law, would care which kind of regulation was at issue?” Ante, at 61 (citation omitted). The answer to these questions is obvious. Section 206 (which was enacted at the same time as § 201(b), see 48 Stat. 1070, 1072) does not explicitly refer to the distinction between interpretive and substantive regulations. And yet the Court acknowledges that, while a violation of an interpretive regulation is actionable under § 206 (as a violation of *72 the statute itself), a violation of a substantive regulation is not. (Were this not true, the Court’s lengthy discussion of § 201(b) would be wholly unnecessary because violation of the payphone-compensation regulation would be directly actionable under §206.) The Court evidently believes that Congress went out of its way to exclude from §206 private actions that did not charge violation of the Act itself (or regulations that authoritatively interpret the Act) but was perfectly willing to have those very same private actions brought in through the back door of § 201(b) as an “interpretation” of “unjust or unreasonable practice.” It does not take familiarity with “the blossoming of administrative law” to perceive that this would be nonsensical.[4]
Seemingly aware that it is in danger of rendering the limitation upon § 206 a nullity, the Court seeks to limit its novel approval of private actions for violation of substantive rules to substantive rules that are “analogous] with rate setting and rate divisions, the traditional, historical subject matter of § 201(b),” ante, at 60 (emphasis added). There is absolutely no basis in the statute for this distinction (nor is it anywhere to be found in the FCC’s opinion). As I have described earlier, interpretive regulations are privately enforceable because to violate them is to violate the Act, within the meaning of the private-suit provision of §206. That a substantive regulation is analogous to traditional interpretive regulations, in the sense of dealing with subjects that those regulations have traditionally addressed, is supremely *73 irrelevant to whether violation of the substantive regulation is a violation of the Act — which is the only pertinent inquiry. The only thing to be said for the Court’s inventive distinction is that it enables its holding to stand without massive damage to the statutory scheme. Better an irrational limitation, I suppose, than no limitation at all; even though it is unclear how restrictive that limitation will turn out to be. What other substantive regulations are out there, one wonders, that can be regarded as “analogous” to actions the Commission has traditionally taken through interpretive regulations under § 201(b)?
It is difficult to comprehend what public good the Court thinks it is achieving by its introduction of an unprincipled exception into what has hitherto been a clearly understood statutory scheme. Even without the availability of private remedies, the payphone-compensation regulation would hardly go unenforced. The Commission is authorized to impose civil forfeiture penalties of up to $100,000 per violation (or per day, for continuing violations) against common carriers that “willfully or repeatedly fai[l] to comply with ... any rule, regulation, or order issued by the Commission.” 47 U. S. C. § 503(b)(1)(B). And the Commission can even place enforcement in private hands by issuing a privately enforceable order forbidding continued violation. See §§154(i), 276(b)(1)(A), 407. Such an order, however, would require a prior Commission adjudication that the regulation had been violated, thus leaving that determination in the hands of the agency rather than a court, and preventing the unjustified private suits that today’s decision allows.
I would hold that a private action to enforce an FCC regulation under §§ 201(b) and 206 does not lie unless the regulated practice is “unjust or unreasonable” in its own right and apart from the fact that a substantive regulation of the Commission has prohibited it. As the practice regulated by the payphone-compensation regulation does not plausibly fit *74 that description, I would reverse the judgment of the Court of Appeals.

 See In re the Pay Telephone Reclassification and Compensation Provisions of the Telecommunications Act of 1996, 18 FCG Red. 19975, 19990, ¶ 32 (2003) (“[F]ailure to pay in accordance with the Commission’s payphone rules, such as the rules expressly requiring such payment... constitutes ... an unjust and unreasonable practice in violation of section 201(b)”); In re APCC Servs., Inc. v. NetworkIP, LLC, 21 FCC Red. 10488, 10493, ¶ 15 (2006) (“[F]ailure to pay payphone compensation rises to the level of being ‘unjust and unreasonable’ ” because it is “a direct violation of Commission rules"); id., at 10493, ¶ 15, and n. 46 (“The fact that a failure to pay payphone compensation directly violates Commission rules specifically requiring such payment distinguishes this situation from other situations where the Commission has repeatedly declined to entertain ‘collection actions’ ”).

 The Court’s departure from ordinary usage is made possible by the fact that “[t]he FCC commonly adopts rules in opinions called ‘orders.’ ” New England Tel. & Tel. Co. v. Public Util. Comm’n of Me., 742 F. 2d 1, 8-9 (CA1 1984) (Breyer, J.). If there had been violation of an FCC order in this case, a private action would have been available under §407 of the Act.

 The Court further asserts that “the FCC has long set forth what we now would call ‘substantive’ (or ‘legislative’) rules under § 205,” “violations of [which]... have clearly been deemed violations of § 201(b),” ante, at 61. The §205 orders to which the Court refers are not substantive in the relevant sense because they interpret §201(b)’s prohibition against unjust and unreasonable rates or practices. See ante, at 53 (§ 205 “authorizes] the FCC to prescribe reasonable rates and practices in order to preclude rates or practices that violate § 201(b)”). The payphone-compensation regulation, by contrast, does not interpret § 201(b) or any other statutory provision.